# Exhibit B

**DeNITTIS OSEFCHEN PRINCE, P.C.**
**Stephen P. DeNittis, Esquire (031381997)**
**5 Greentree Centre**
**525 Route 73 North, Suite 410**
**Marlton, New Jersey 08053**
**(856) 797-9951**

*Attorneys for Plaintiff*

| | |
|---|---|
| KASHER LAW GROUP, LLC, on behalf of itself and all others similarly situated,<br><br>                             Plaintiff,<br><br>         v.<br><br>CIOX HEALTH, LLC<br><br>                             Defendant. | SUPERIOR COURT OF NEW JERSEY CAMDEN COUNTY<br><br>DOCKET NO.<br><br>**CLASS ACTION COMPLAINT** |

## INTRODUCTION

1.      This is a class action, brought under New Jersey law, on behalf of New Jersey citizens and their designated representatives who were charged copy fees by Ciox Health LLC ("Ciox") for electronic copies of medical records, which fees far exceeded the maximum limit allowed by N.J.A.C. § 8:43G-15.3(d).

2.      Plaintiff brings New Jersey state law claims exclusively against Ciox, on behalf of itself and the class, in order to remedy the unlawful overcharges by Ciox, including:

   a.   A claim for injunctive and declaratory relief under the New Jersey Declaratory Judgment Act, N.J.S.A. § 2A:16-51, et seq., to end Ciox's unlawful policies described herein;

   b.   A claim under New Jersey common law for unjust enrichment and disgorgement based on the amounts collected by Ciox in excess of the lawful copy fee limits;

   c.   A claim under the New Jersey Consumer Fraud Act ("CFA"), in that Ciox's uniform billing policy and billing formula as described

herein constitute unconscionable commercial practices which violate N.J.S.A. § 56:8-2; and

d.  A claim under New Jersey common law for breach of contract for violation of the implied covenant of good faith and fair dealing.

## JURISDICTION AND VENUE

3.     The New Jersey Superior Court has exclusive subject matter jurisdiction over the claims alleged herein, in that all claims pleaded are New Jersey state law claims and the total amount in controversy, including attorney's fees, is less than $5 million.

4.     Venue is proper in Camden County, in that the records requested by Plaintiff reflect medical treatment received by Plaintiff's client in Camden County from Our Lady of Lourdes Hospital, a healthcare provider located in Camden County; the subject records were created and stored in Camden County; the records were requested and produced from Camden County; and Ciox regularly transacts business in Camden County, including the production of medical records from Our Lady of Lourdes Hospital.

## PARTIES

5.     Plaintiff Kasher Law Group, LLC is a New Jersey limited liability company with offices in New Jersey.  Plaintiff is the attorney for, and thus is the designated legally authorized representative of, a client/patient who is a citizen of New Jersey and received treatment from Our Lady of Lourdes Hospital, a healthcare provider in Camden, New Jersey.  Like all class members, Plaintiff was victimized by the uniform Ciox polices alleged herein.

6.     Defendant Ciox Health, LLC is a Georgia corporation with its principle place of business located at 925 North Point Parkway, Suite 350, Alpharetta, Georgia 30005.  According to the New Jersey Division of Commercial Recording, Ciox's registered agent in New Jersey is Corporation Service Company, 100 Charles Ewing Blvd., Suite 160, Ewing, NJ 08628.

2

## CIOX'S POLICY OF VIOLATING THE PRICE LIMITS SET
## FORTH IN N.J.A.C. § 8:43G-15.3(d)

7.     Ciox is an information management company that provides medical records storage and management services to, inter alia, hospitals, physicians offices, outpatient care facilities, and other health care providers and organizations.

8.     Ciox itself is not a health care provider, nor does Ciox hold a professional license.  Rather, Ciox is hired by various health care providers to store and manage medical records relating to the health care providers' patients.

9.     Among the duties that Ciox contractually assumes for its health care provider clients is the duty to respond to requests for copies of patient medical records made by patients and patients' authorized representatives in accordance with, inter alia, N.J.A.C. § 8:43G-15.3(d).

10.     Under its contracts with health care providers, Ciox becomes the exclusive provider of copies of patient medical records generated by those health care providers.  If patients want copies of such medical records, or to have those records sent to a designated recipient, they must obtain them from Ciox.

11.     Ciox charges fees to these patients and/or their designated recipients when Ciox provides them with copies of patient medical records.

12.     These fees are charged by Ciox to patients and/or their designated representatives, and such fees are paid directly to Ciox and retained by Ciox; not the health care providers serviced by Ciox.

13.     New Jersey state law limits the fees that a provider of medical records may charge for providing copies of such records.

3

14.     Specifically, N.J.A.C. § 8:43G-15.3(d) states that **"If a patient or the patient's legally authorized representative requests, in writing, a copy of his or her medical record, a legible, written copy of the record shall be furnished <u>at a fee based on actual costs</u>."** (emphasis added).

15.     This limitation on the fees that may be charged for copies of medical records applies to both the patients themselves and their attorneys.  <u>See</u> N.J.A.C. § 8:43G-15.3(d)(5)(iv), which defines **"legally authorized representative"** to include, <u>inter alia</u>, a **"Patient's attorney."**

16.     Moreover, the fee limits set forth in N.J.A.C. § 8:43G-15.3(d) apply to both health care providers and record management and copy companies – such as Ciox – which contract with health care providers to respond to requests for copies of patient medical records. <u>See</u> Attachment A, Opinion Letter by N.J. Dept. of Health dated July 11, 2012, stating: **"The Department would apply the requirements of N.J.A.C. 8:43G-15.3 <u>to a vendor acting as the agent of a hospital in the provision of medical records to patients</u>."** (emphasis added).

17.     Put simply, N.J.A.C. § 8:43G-15.3(d) forbids a records provider from making a profit on the sale of copies of patient medical records to the patient or the patient's designated recipient (though there is no limit imposed on what the copy provider may charge to other requestors who are <u>not</u> patients or their representatives, or to the healthcare providers for such copy services).

18.     The case at bar deals with the provision of copies of electronically stored medical records sent by Ciox to patients or their legal representatives in electronic format, such as on a compact disc ("CD") or via internet download.

19.     With regard to instances where copies of patient medical records are sent to patients or their legal representatives on CD, the New Jersey Department of Health has issued a

4

memorandum opinion stating that the term **"fee based on actual costs"** in N.J.A.C. § 8:43G-15.3(d) means that a provider of such a CD may charge a fee consisting of only three elements: a $10 "search fee," the actual cost of a blank CD, and the actual cost of mailing the CD to the purchaser. <u>See</u> Attachment B, Memorandum Opinion by N.J. Dept. of Health dated September 2015, stating:

> **"the Department is interpreting N.J.A.C. 8:43G-15.3(d) and (e) to permit the following fees 'based on actual costs' to be charged for a medical records request that involves an EMR:**
>
> - **a <u>search fee of no more than $10.00;</u>**
>
> - **the <u>actual cost of the portable media used to copy the electronic records</u> (e.g., <u>CD</u>, film, flash drive); and**
>
> - **the <u>actual cost of postage</u>."** (emphasis added)

20.     Based this opinion from the New Jersey Department of Health, it follows that when electronic copies of medical records are made available to patients or their legal representatives via internet download, the records provider may only charge a $10 "search fee," as it incurs no actual costs either for a blank CD/portable media or for postage.

21.     Despite the foregoing, as outlined in detail below, Ciox is engaged in a series of related uniform policies under which Ciox unlawfully earns a profit when it produces electronically stored medical records to patients and patients' designated recipients in electronic format, such as on a CD or via internet download.

22.     When Ciox responds to a request that electronically stored medical records be sent to a patient or the patient's designated recipient, Ciox employs several related uniform policies which result in the patient or the patient's designated recipient being charged fees for

copies of those electronically stored medical records that greatly exceed the actual costs and legal limits on such fees imposed by N.J.A.C. § 8:43G-15.3(d).

23.    The first of these related uniform policies is that, whenever Ciox receives a request to provide medical records to a patient or the patient's designated representative, it is Ciox's uniform policy to provide those electronically stored records to the patient or their designated recipient in electronic format, either via internet download or on a CD.

24.    Pursuant to this uniform policy, Ciox then bills the patient or the patient's designated recipient a fee for that electronic production that is <u>not</u> based on the actual cost to Ciox – <u>i.e.</u>, the cost of transferring the electronically stored records to the CD or to a website for download, or the actual cost of the blank CD and/or the postage paid to mail the CD.

25.    Instead, in such circumstances, it is the uniform policy of Ciox to charge the patient or the patient's designated recipient a fee for such electronic production that is much higher than the actual cost thereof to Ciox.

26.    Ciox charges this excessive fee pursuant to a standardized formula created by Ciox that is based in part on what the "per page" cost <u>might</u> have been <u>if</u> the same electronically stored records had instead been provided in paper format.

27.    Yet Ciox's labor costs in transferring electronically stored medical records from a computer database onto a CD or a website for download is much less than the cost of manually searching for and locating paper records, and then either printing out paper copies on a printer or manually copying such paper records on a copy machine.

28.    Indeed, a Ciox employee may transfer hundreds, or even thousands, of pages of electronically stored medical records or images from a computer database onto a CD or a website for download in less than 10 minutes.

29.     Ciox ignores the fact that it costs less to copy electronically stored records onto a CD or a website for download than it does to make and send paper copies of such records.

30.     Instead, Ciox's uniform policy is to charge recipients of medical records the same "per page" fee for medical records, calculated according to a uniform formula created by Ciox, regardless of whether Ciox produces them in electronic format on a CD or website for download, or in paper format, and to charge recipients of the electronic production much more than the actual costs to Ciox of producing such records electronically via CD or internet download.

31.     Alternatively, Ciox has a uniform policy of charging patients and their designated recipients fees for the electronic production of medical records that are not based on the actual costs of such production to Ciox, but instead are much higher.

32.     Ciox's standardized formula for calculating copy fees for medical records produced electronically on CD or via internet download is higher than, and violates, the limits imposed by N.J.A.C. § 8:43G-15.3(d).

33.     What happened to Plaintiff illustrates the unlawful policies of Ciox that are the subject of this litigation.

34.     Plaintiff is a personal injury law firm that routinely orders medical records relating to its clients and potential clients from, inter alia, health care providers serviced by Ciox.

35.     On or about August 31, 2017, Plaintiff submitted a written request for medical records created by Our Lady of Lourdes Hospital in Camden, New Jersey, relating to the treatment of one of its patients – who was and is a client of Plaintiff's – along with a written authorization from that client authorizing the release of these medical records directly to Plaintiff.

7

36.     The request for medical records relating to Plaintiff's client was part of an investigation being conducted by Plaintiff on behalf of its client into whether a viable legal claim existed for a potential personal injury case.

37.     In making this request for the medical records of its client, Plaintiff was acting as a **"legally authorized representative"** for that client, a patient of Our Lady of Lourdes Hospital.  See N.J.A.C. § 8:43G-15.3(d)(5)(iv), which defines **"legally authorized representative"** to include, inter alia, a **"Patient's attorney."**

38.     Pursuant to Ciox's contract with its client, Our Lady of Lourdes Hospital, Ciox responded to Plaintiff's request for medical records on or about October 2, 2017, by sending a Ciox invoice addressed to Plaintiff for the production of the requested records.

39.     That Ciox invoice was directed to **"Kasher Law Group LLC"** for **"Records"** from **"Our Lady of Lourdes Hospital"** in **"Camden, NJ."**  Plaintiff was charged **"$161.90"** for the requested medical records.  See Attachment C, Ciox Invoice to Plaintiff Kasher Law Group, LLC.

40.     Specifically, the Ciox invoice itemized the following charges:  a $10.00 **"Basic Fee"**; a charge of $100.00 for 100 pages of records, at a **"Per Page Copy (Paper) 2"** price of $1.00 per page; a charge of $40.25 for 161 pages of records, at a **"Per Page Copy (Paper) 1"** price of $.25 per page; and a fee of $11.65 for **"Shipping."**  See id.

41.     Accompanying the Ciox invoice was a single CD containing 261 pages of medical records.  See Attachment D, Ciox Certification and copy of CD containing medical records.

42.     On November 27, 2017, Plaintiff made an online payment of $161.90 to Ciox.  See Attachment E, Receipt for payment of **"$161.90"** by Plaintiff to Ciox on **"11/27/17."**

43.     Plaintiff has not been reimbursed for that $161.90 by anyone.

8

44.     The $161.90 was paid by Plaintiff directly to Ciox and was retained by Ciox. No portion of that fee went to Our Lady of Lourdes Hospital.

45.     The actual labor cost incurred by Ciox in transferring 261 pages of electronically stored medical records onto the CD that Ciox sent to Plaintiff, the cost to Ciox of purchasing the blank CD, and the cost to Ciox of mailing that CD to Plaintiff, added together, were far less than $161.90.

46.     Indeed, the actual labor cost incurred by Ciox in transferring these electronically stored records onto the CD, the cost of the blank CD itself, and the cost of the postage to mail that CD to Plaintiff was, altogether, less than $20.

47.     Despite this, Ciox billed Plaintiff $161.90 for this CD production, calculating such fee based on Ciox's uniform policies and standardized formula described herein.

48.     What happened to Plaintiff was neither an isolated incident nor an accident.

49.     Rather, it was the result of Ciox's deliberate, knowing, and intentional policies, including Ciox's policy of charging fees for the electronic production of electronically stored medical records based on a standardized formula, which results in Ciox's charging of fees that exceed the actual cost incurred by Ciox of transferring such records from a computer data base to a website for download, or to a CD and then mailing that CD to patients and/or their representatives.

50.     These policies are in direct violation of the limits on such copy fees set forth in N.J.A.C. § 8:43G-15.3(d) because they result in patients and their representatives having to pay far more for a copy of a CD or to download electronic files containing such electronic records than the actual cost incurred by the provider Ciox of transferring those records to that CD or website for download.

51.    As a company specializing in the management and provision of electronically stored medical records, Ciox is subject to an irrebuttable presumption that it is familiar with the laws and regulations governing the provision and production of electronically stored medical records.

## CLASS ACTION ALLEGATIONS

52.    Plaintiff brings this matter as a class action under Rule 4:32 on behalf of a class defined as:

> **All patients who are New Jersey citizens, or persons designated by such patients to receive copies of their medical records:**
>
> **A) who, between December 11, 2011 and the present, received an invoice from Ciox for electronic copies of patient medical records produced on a CD or via internet download, which were created by a New Jersey health care provider; and**
>
> **B) who paid that Ciox invoice; and**
>
> **C) excluding from the class Ciox and DeNittis Osefchen Prince, P.C., and any employees, officers or owners of either Ciox or DeNittis Osefchen Prince, P.C.**

53.    The members of proposed class are so numerous that joinder of all members is impracticable, and the class consists of at least two thousand persons.

54.    The exact number and identities of the persons who fit within the proposed class are contained in Ciox's records and can be easily ascertained from those records.

55.    The claims in this action arise exclusively from Ciox's uniform policies as described herein, and the standardized billing formula used by Ciox to calculate the fees charged to class members who received electronical medical records from Ciox either on a CD or via internet download, which fees uniformly exceeded the costs to Ciox of such electronic production.

56.    No violations alleged are a result of any oral communications or individualized interaction between any class member and Ciox.

57.    There are common questions of law and fact affecting the rights of the class members, including, <u>inter alia</u>, the following:

    a.   Whether Ciox is subject to the legal limits on copy fees for electronic medical records produced on a CD or via internet download, as set forth in N.J.A.C. § 8:43G-15.3(d);

    b.   Whether the uniform Ciox policies for calculating copy fees for electronic medical records produced on a CD or via internet download violate the legal limits on fees set forth in N.J.A.C. § 8:43G-15.3(d);

    c.   Whether the uniform Ciox policies for calculating copy fees for electronic medical records produced on a CD or via internet download constitute unconscionable commercial practices which violate N.J.S.A. § 56:8-2 of the New Jersey Consumer Fraud Act;

    d.   Whether Ciox is liable under New Jersey common law principles relating to unjust enrichment/disgorgement, for collecting fees higher than those allowed by law;

    e.   Whether a contract of sale existed between Ciox and each patient or the patient's legal representative who purchased copies of patient medical records from Ciox;

    f.   Whether Ciox's violation of the legal price limits set forth in N.J.A.C. § 8:43G-15.3(d) violated the implied covenant of good faith and fair dealing that was part of each such contract of sale; and

    g.   Whether Plaintiff and the class are entitled to an order for injunctive and declaratory relief under the New Jersey Declaratory Judgment Act, N.J.S.A. § 2A:16-51, <u>et seq.</u>, to end Ciox's unlawful policies.

58.    Plaintiff is a members of the class it seeks to represent.

59.    The claims of Plaintiff are not only typical of all class members, they are identical in that they arise from uniform policies and a standardized billing formula utilized by Ciox, and are based on the same legal theories as all class members.

11

60.     Plaintiff has no interest antagonistic to, or in conflict with, the class.

61.     Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent itself and the class.

62.     Defendant Ciox has acted and refused to act on grounds generally applicable to the class, thereby making appropriate injunctive and declaratory relief for the class as a whole.

63.     The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

64.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy in that the out of pocket damages suffered by each class member is less than $210 per bill, making individual actions to recover such amounts economically infeasible.

65.     Common questions will predominate, and there will be no unusual manageability issues in this case.

### COUNT ONE

### NEW JERSEY UNIFORM DECLARATORY JUDGMENT ACT

### N.J.S.A. § 2A:16-51, et seq.

66.     Plaintiff incorporates all preceding paragraphs as though fully set forth at length herein.

67.     Plaintiff and the class need, and are entitled to, a declaration that the Ciox billing policies alleged herein are unlawful and that defendant is barred by law from charging any more for a CD containing electronic medical records than the actual labor cost incurred in copying such electronic data onto the CD, the actual cost of the blank CD itself, and the actual cost of mailing that CD to the patient or the patient's designated representative.

12

68.    Plaintiff and the class are also entitled to a declaration that the Ciox billing policies alleged herein are unlawful and that defendant is barred by law from charging any more for electronic medical records produced via internet download than the actual labor cost incurred in transferring such records onto a website for download.

69.    Plaintiff and the class members have a significant interest in this matter in that each has been or will be subjected to the unlawful policies alleged herein.

70.    Indeed, Plaintiff specializes in personal injury cases, and Plaintiff's work requires it to repeatedly and frequently order medical records from health care providers who are serviced by Ciox.

71.    Thus, it is certain that Plaintiff will be subject to the challenged unlawful conduct by Ciox again in the future.

72.    Based on the foregoing, a justifiable controversy is presented in this case, rendering declaratory judgment appropriate.

73.    In addition, because the unlawful uniform policies of defendant continue, and are on-going, Plaintiff and the class also need, and are entitled to, an order for equitable and injunctive relief, creating a court-mandated program to provide notice to the class of defendant's unlawful policies and to carry out an audit and make refunds of the unlawful overcharges to Plaintiff and the class.

## COUNT TWO

## NEW JERSEY CONSUMER FRAUD ACT

## N.J.S.A. § 56:8-1, et seq.

74.    Plaintiff incorporates all preceding paragraphs as though fully set forth at length herein.

75.   Defendant Ciox is a seller of goods or services within the meaning of the New Jersey Consumer Fraud Act.

76.   The sale of the electronic medical records that Ciox sold to Plaintiff in exchange for a payment of $161.90 was a sale of goods or services.

77.   The uniform Ciox policies described in this Complaint constitute a sharp, deceptive, misleading and unconscionable commercial practice within the meaning of N.J.S.A. § 56:8-2.

78.   Such conduct is a per se violation of N.J.S.A. § 56:8-2 because it violates statutory and other legal standards.

79.   These legal standards include N.J.A.C. § 8:43G-15.3(d) which states that fees for copies of medical records shall be limited to the lower of **"actual costs"** or $1 per page for the first 100 pages, $0.25 per page for each page thereafter and a maximum total charge of $200.

80.   As outlined herein, Ciox is violating N.J.A.C. § 8:43G-15.3(d) because the actual cost to Ciox of copying and producing electronically stored records on a CD or via internet download is far less than what Ciox charged to Plaintiff and the class under the policies and standardized fee formula alleged herein.

81.   Ciox's conduct also involves omissions of material fact.

82.   Specifically, at no time did Ciox reveal to Plaintiff or the class that the fees demanded by Ciox exceeded the legal limits on fees for electronic medical records produced on CD or via internet download.

83.   Nor did Ciox ever reveal to Plaintiff or the class that the actual labor costs incurred in copying such electronic medical records onto a website for download or onto CDs, the actual cost of the blank CDs themselves, and the actual cost of mailing those CDs to Plaintiff

and the class were far less than the fees charged by Ciox for such CDs.

84.    Nor did Ciox ever reveal to Plaintiff and the class that Ciox was making a profit on the sale of such electronic medical records to Plaintiff and the class.

85.    Plaintiff and the class each suffered an ascertainable loss of money and property as a result of defendant's use of the unconscionable business practice described herein, in that they were forced to pay an amount higher than that permitted by law for medical records to which they were entitled.

**COUNT THREE**

**BREACH OF CONTRACT FOR VIOLATION OF IMPLIED
COVENANT OF GOOD FAITH AND FAIR DEALING**

86.    Plaintiff incorporates all preceding paragraphs of this complaint as if set forth fully herein.

87.    By operation of New Jersey law, there existed either an express or implied contract for the sale of copies of medical records between each customer who purchased such copies from Ciox.

88.    By operation of New Jersey law, there existed an implied duty of good faith and fair dealing in each such contract.

89.    By the acts alleged herein, Ciox violated that duty of good faith and fair dealing, thereby breaching the implied contract between Ciox and each class member.

90.    Specifically, it was a violation of the duty of good faith and fair dealing for Ciox to charge Plaintiff and the class fees for copies of medical records which exceeded the maximum legal limit of such fees set by N.J.A.C. § 8:43G-15.3(d).

91.    As a result of that breach, Plaintiff and each class member suffered damages.

## COUNT FOUR

### UNJUST ENRICHMENT/DISGORGEMENT
### UNDER NEW JERSEY COMMON LAW

92.     Plaintiff incorporates all preceding paragraphs as though fully set forth at length herein.

93.     By the acts alleged herein, Defendant Ciox received a benefit from Plaintiff and the class in the form of fees paid by Plaintiff and the class to Ciox for electronic medical records produced on CDs or via website download.

94.     The retention of that benefit by Ciox would be unjust because the amounts collected by Ciox exceeded legal and statutory limits.

95.     By the facts alleged herein, equity demands that Ciox disgorge itself of this benefit and that the unlawful portion of these fees be returned to Plaintiff and the class.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this court to:

a.   Certify the proposed class under R. 4:32;

b.   Enter an order for injunctive and declaratory relief as described herein;

c.   Enter judgment in favor of  Plaintiff and class members for damages suffered as a result of the conduct alleged herein, to include interest and pre-judgment interest;

d.   Award Plaintiff reasonable attorneys' fees and costs;

e.   Award Plaintiff treble and punitive damages; and

f.   Grant such other and further legal and equitable relief as the court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.


**DeNITTIS OSEFCHEN PRINCE, P.C.**


BY: _____

'Stephen P. DeNittis, Esq. (031381997)
Joseph A. Osefchen, Esq. (024751992)
Shane T. Prince, Esq. (022412002)
5 Greentree Centre
525 Route 73 North, Suite 410
Marlton, NJ 08053
(856) 797-9951

*Attorneys for Plaintiff*

Dated:  December 11, 2017

## CERTIFICATION PURSUANT TO R. 4:5-1

To the best of Plaintiff's knowledge, the matter in controversy is not related to any pending action. No arbitration proceeding is pending or contemplated. There are no other parties known to Plaintiff at this time who should be joined in this action.

## CERTIFICATION PURSUANT TO N.J.S.A. 56:8-1 et seq.

The undersigned hereby certify that a copy of this complaint has been forwarded to the Attorney General of the State of New Jersey.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Stephen DeNittis is designated as trial counsel.

**DeNITTIS OSEFCHEN PRINCE, P.C.**

BY: _____
Stephen P. DeNittis, Esq. (031381997)
Joseph A. Osefchen, Esq. (024751992)
Shane T. Prince, Esq. (022412002)
5 Greentree Centre
525 Route 73 North, Suite 410
Marlton, NJ 08053
(856) 797-9951

*Attorneys for Plaintiff*

Dated:  December 11, 2017

# Exhibit A



**State of New Jersey**
**DEPARTMENT OF HEALTH**
PO BOX 360
TRENTON, N.J. 08625-0360
www.nj.gov/health

CHRIS CHRISTIE
*Governor*

KIM GUADAGNO
*Lt. Governor*

MARY E. O'DOWD, M.P.H.
*Commissioner*

July 11, 2012

Honorable Richard F. Wells
Camden County Hall of Justice
101 South Fifth Street
Camden, New Jersey 08103-4001

Re:   Atkinson v. MRO Corp., Docket No. CAM-L-4311-11

Dear Judge Wells:

Please accept this response to your order of March 5, 2012, directing the Department to determine the definition of "actual costs" and whether third party vendors fall within the provisions of N.J.A.C. 8:43G-15.3.

N.J.A.C. 8:43G-15.3 establishes the maximum fee that hospitals may charge patients for copies of their medical records, but the rule does not define actual costs.   N.J.A.C. 8:43G-15.3 should be interpreted to harmonize its requirements with those of the Health Insurance Portability Accountability Act (HIPAA), 42 U.S.C.S. §§ 1320d to 1320d-9.  The HIPAA rules require covered entities to charge patients a reasonable, cost-based fee for medical records, including the cost of supplies and labor for copying the records, and the cost of postage.  See 45 C.F.R. §164.524(c)(4).

The Department would apply the requirements of N.J.A.C. 8:43G-15.3 to a vendor acting as the agent of a hospital in the provision of medical records to patients.

The Department views this inquiry as general advice rather than fact finding.  Therefore, because this is presented as advice to Your Honor, the Department does not consider this document to be a declaratory ruling under N.J.S.A. 52:1B-8.

Please call me at (609) 984-2177 if you would like to discuss this matter.

Respectfully,

Devon L. Graf, Director
Office of Legal and Regulatory Compliance

c.   Sander D. Friedman, Esq.
   John M. Armstrong, Esq.
   John Calabria, Director, Health Care Facilities Evaluation and Licensing

# Exhibit B



**State of New Jersey**
**DEPARTMENT OF HEALTH**
PO BOX 358
TRENTON, N.J. 08625-0358
**www.nj.gov/health**

CHRIS CHRISTIE
*Governor*

KIM GUADAGNO
*Lt Governor*

CATHLEEN D. BENNETT
*Acting Commissioner*

## MEMORANDUM

**TO:**      Chief Executive Officers
General, Special and Psychiatric Hospitals

**FROM:**    John A. Calabria, Director
Division of Certificate of Need and Licensing

**DATE:**    September 2015

**SUBJECT:** Fees for Copies of Electronic Medical Records

The Department of Health (Department) has received numerous requests for an interpretation of the rules governing the fees hospitals are permitted to charge for providing a copy of an electronic medical record (EMR).  While N.J.A.C. 8:43G-15.3(d) and (e) do not expressly reference a fee for the copying of an EMR, the subsections provide that hospitals may charge a "fee based on actual costs."

Therefore, the Department is interpreting N.J.A.C. 8:43G-15.3(d) and (e) to permit the following fees "based on actual costs" to be charged for a medical records request that involves an EMR:

- a search fee of no more than $10.00;
- the actual cost of the portable media used to copy the electronic records (e.g., CD, film, flash drive); and
- the actual cost of postage.

Please note that N.J.A.C. 8:43G-15.3(d)3 requires hospitals to establish a policy assuring access to copies of medical records for patients who do not have the ability to pay.

Please contact Eugene Brenycz, a member of my staff, at (609) 292-5960 with any questions regarding this memorandum.

# Exhibit C



```
******AUTO**MIXED AADC 300
128 2 MB 0.423                    000128
KASHER LAW GROUP LLC
J KASHER
5 GREENTREE CTR                  5pgs
525 ROUTE 73 N STE 410
MARLTON, NJ  08053-3422
```

# ATTENTION
## Confidential Information enclosed.
## To be viewed by authorized persons only.

## If you have questions regarding any information you have requested, please call the phone number on the enclosed invoice.

This information has been disclosed to you from records that may be protected by federal confidentiality rules (42 CFR part 2). The federal rules prohibit you from making any further disclosure of information in this record that identifies a patient as having or having had a substance use disorder either directly, by reference to publicly available information, or through verification of such identification by another person unless further disclosure is expressly permitted by written consent of the individual whose information is being disclosed or as otherwise permitted by 42 CFR part 2. A general authorization for the release of medical or other information is NOT sufficient for this purpose (see 42 CFR § 2.31). The federal rules restrict any use of the information to investigate or prosecute with regard to a crime any patient with a substance use disorder, except as provided at 42 CFR §§ 2.12(c)(5) and 2.65.

If the enclosed record pertains to HIV/AIDS, it has been disclosed to you from records whose confidentiality is protected by federal and, perhaps, state law, which prohibits you from making any further disclosure of such information without the specific consent of the person to whom such information pertains or as otherwise permitted by state law. A general authorization for this release of health or other information is not sufficient for this purpose.

This is confidential and privileged information. If it contains mental health information, it is for professional use only.



184139097



**Cıox Health**
P.O. Box 409740
Atlanta, Georgia 30384-9740
Fed Tax ID 58 - 2659941
1-800-367-1500

## INVOICE

Invoice #: **0228198242**
Date: **10/2/2017**
Customer #: 2097139

Ship to:

J KASHER
KASHER LAW GROUP LLC
5 GREENTREE CTR
525 ROUTR 73 NORTH STE 410
MARLTON, NJ 08053-3432

Bill to:

J KASHER
KASHER LAW GROUP LLC
5 GREENTREE CTR
525 ROUTR 73 NORTH STE 410
MARLTON, NJ 08053-3432

Records from:

OUR LADY OF LOURDES
1600 HADDON AVE
CAMDEN, NJ 08103

**Requested By:** KASHER LAW GROUP LLC
**Patient Name:** MCINTOSH BRUCE J

**OTHER:**       113015

| Description | Quantity | Unit Price | Amount |
|---|---|---|---|
| Basic Fee | | | 10.00 |
| Retrieval Fee | | | 0.00 |
| Per Page Copy (Paper) 1 | 161 | 0.25 | 40.25 |
| Per Page Copy (Paper) 2 | 100 | 1.00 | 100.00 |
| Shipping | | | 11.65 |
| Subtotal | | | 161.90 |
| Sales Tax | | | 0.00 |
| Invoice Total | | | 161.90 |
| Balance Due | | | 161.90 |

Pay your invoice online at https://paycioxhealth.com/pay/

Terms: Net 30 days          Please remit this amount : $ 161.90 (USD)

✂

**Cıox Health**
P.O. Box 409740
Atlanta, Georgia 30384-9740
Fed Tax ID ███9941
1-800-367-1500

Invoice #: **0228198242**

Check # _____

Payment Amount $_____

Get future medical records as soon as they are processed,
by signing up for secure electronic delivery.
Register at: edelivery.cioxhealth.com

## Please return stub with payment.
Please include invoice number on check.
To pay invoice online, please go to https://paycioxhealth.com/pay/ or call 800-367-1500.
Email questions to collections@cioxhealth.com.

699164

# KASHER LAW GROUP, LLC

**5 GREENTREE CENTRE**
**525 ROUTE 73 NORTH**
**SUITE 410**
**MARLTON, NJ 08053**
**856-843-4600 (Telephone)**
**856-843-4600 (Text)**
**856-797-9978 (Fax)**

August 31, 2017

PROCESSED BY CIOX HEALTH
NAME 818002
DATE 10·2·17
PGS 261

**ATTN: MEDICAL RECORDS DEPARTMENT**
Our Lady of Lourdes Hospital
1600 Haddon Avenue
Camden, NJ 08103

Re:       Patient:            Bruce J. McIntosh
          Date of Admission:  11/30/15

Dear Sir/Madam:

Please be advised that this office represents the above individual who received services at your Facility on the date set forth above.

Please forward a complete and certified copy of <u>ELECTRONIC</u> medical records pertaining to all treatment received by my client with regard to the above date of service/admission. I have enclosed a Medical Authorization signed by our client permitting the release of this information.

<u>WE WOULD ASK THAT THE DOCUMENTS BE SENT VIA CD/DVD OR EMAIL AT THE ADDRESS PURSUANT TO ████████████ AND WILL REMIT PAYMENT IN ACCORDANCE WITH THE ESTABLISHED REGULATIONS.</u>

If you have any questions, please contact my paralegal Patricia Schneider at the number above. Records may be emailed directly to my paralegal at <u>patty@kasherlawgroup.com</u>.

Thank you for your courtesy and immediate attention to this request.

Very truly yours,

KASHER LAW GROUP, LLC

Jared N. Kasher
jared@kasherlawgroup.com

JNK/ps
Enclosure

RECEIVED

SEP 5 2017

H.I.M.
OUR LADY OF LOURDES HOSPITAL
CAMDEN, N.J

167644577

# AUTHORIZATION TO DISCLOSE HEALTH INFORMATION

PATIENT NAME: Bruce J. McIntosh _____   DOB: ████ 957

ADDRESS: __104 Suburban Terrace, Stratford, NJ 08084_____

TELEPHONE: _____

I hereby authorize __Our Lady of Lourdes Medical Center_____ to release my health information to:

KASHER LAW GROUP, LLC
5 Greentree Centre, Suite 410
525 Route 73 North, Marlton, NJ 08053
856-843-4600
Fax: 856-797-9978

The information to be disclosed to and used by the above is for the following purpose: __LITIGATION_____

This authorization is limited to the following dates of treatment:

FROM: 11/30/2015 _____   TO:   COMPLETION OF TREATMENT_____

Please indicate the information or types of information to be disclosed:  complete and certified medical records, incl. but not limited to

all electronic records, provider notes, d/c summary, er records, procedure reports, radiology records, pathology records, operative reports, etc.

**I understand that the information to be disclosed includes my identity, diagnosis and treatment including, ALCOHOL, DRUGS, GENETIC TESTING, BEHAVIORAL OR MENTAL HEALTH SERVICES, REPRODUCTIVE RIGHTS, SEXUALLY TRANSMITTED & INFECTIOUS DISEASES, AIDS and HIV information, as applicable.**

I understand that any disclosure of information may be subject to re-disclosure by the recipient and may no longer be protected by federal or state law. I understand that I need not sign this authorization to assure treatment. I understand that I may inspect and/or copy the information to be disclosed. I understand that authorizing this disclosure is voluntary. I understand that if I have any questions about disclosure of my health information, I may contact the privacy officer at the facility listed above that is authorized to disclose this information and request a copy of this authorization.

I understand that I have the right to revoke this authorization at any time. I understand if I revoke this authorization, I must do so in writing and present my written revocation to the Health Information Management Department. I understand that this revocation will not apply to the extent that you have already taken action in reliance on this authorization. This authorization will automatically expire 120 days from the date of my signature, unless I otherwise specify that this authorization will terminate on the following, or concurrently with the following event or condition:
_____

PATIENT SIGNATURE: _Bruce J. McIntosh_____   Date: _8/31/2017_____
                    Bruce J. McIntosh

If legal representative, sign below and state relationship and authority to do so and attach the document of authority.

LEGAL REPRESENTATIVE: _____   Date: _____

RELATIONSHIP: _____

WITNESS: _____   Date: _____



**LOURDES** | *Our Lady of Lourdes Medical Center*
H E A L T H   S Y S T E M

**CORPORATE OFFICE**
1600 Haddon Avenue
Camden, NJ 08103
(856) 757-3500
Fax (856) 757-3611

**OUR LADY OF LOURDES
MEDICAL CENTER**
1600 Haddon Avenue
Camden, NJ 08103
(856) 757-3500
Fax (856) 757-3611

**LOURDES MEDICAL
CENTER OF
BURLINGTON COUNTY**
218 A Sunset Road
Willingboro, NJ 08046
(609) 835-2900
Fax (609) 835-3061

**OUR LADY OF LOURDES
HEALTH FOUNDATION**
1600 Haddon Avenue
Camden, NJ 08103
(856) 382-1802
Fax (856) 757-3611

*www.lourdesnet.org*

## CERTIFICATION

I, Maria Xenakis, being of full age, hereby certify that I am employed by Lourdes Health System as the Corporate Director of Health Information Management.  As such, I have sufficient knowledge to make this certification.

I hereby certify that the reproduced records accompanying this Certification concerning:

Bruce J. McIntosh

(Name of Patient)

were made in the regular course of business of Lourdes Health System and are a true and accurate reproduction of those records maintained by Lourdes Health System in the regular course of business.  These records include the following visit dates.

| Admission Date | Discharge Date | Number of pages |
|---|---|---|
| 11/30/15 | 12/4/15 | 261 |
| | | |
| | | |

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*Maria Xenakis*                    Dated: 10/2/17

Maria Xenakis
Lourdes Health System
Interim Director
Health Information Management

# Exhibit D



 

To Whom it may Concern,

    Per you request, enclosed you will find a password protected encrypted Cd containing a copy of the medical record information you requested from Our Lady of Lourdes Medical Center.

    Your password will be sent in a **separate letter.**  Any questions or issues please call 856- 968-2549 and a Ciox Health Representative on site will assist you

Thank you,

Ciox Health

RE: BRUCE J. McIntosh

# KASHER LAW GROUP, LLC

**5 GREENTREE CENTRE**
**525 ROUTE 73 NORTH**
**SUITE 410**
**MARLTON, NJ 08053**
**856-843-4600 (Telephone)**
**856-843-4600 (Text)**
**856-797-9978 (Fax)**

August 31, 2017

PROCESSED BY CIOX HEALTH
NAME 818002
DATE 10.2.17
PGS 261

**ATTN: MEDICAL RECORDS DEPARTMENT**
Our Lady of Lourdes Hospital
1600 Haddon Avenue
Camden, NJ 08103

Re:      Patient:            Bruce J. McIntosh
         Date of Admission:  11/30/15

CERTIFY

Dear Sir/Madam:

Please be advised that this office represents the above individual who received services at your Facility on the date set forth above.

Please forward a complete and certified copy of **ELECTRONIC** medical records pertaining to all treatment received by my client with regard to the above date of service/admission.  I have enclosed a Medical Authorization signed by our client permitting the release of this information.

**WE WOULD ASK THAT THE DOCUMENTS BE SENT VIA CD/DVD OR EMAIL AT THE ADDRESS PURSUANT TO HITECH REGULATIONS AND WILL REMIT PAYMENT IN ACCORDANCE WITH THE ESTABLISHED REGULATIONS.**

If you have any questions, please contact my paralegal Patricia Schneider at the number above. Records may be emailed directly to my paralegal at patty@kasherlawgroup.com.

Thank you for your courtesy and immediate attention to this request.

Very truly yours,

KASHER LAW GROUP, LLC

RECEIVED

SEP  5 2017

H.I.M.
OUR LADY OF LOURDES HOSPITAL
CAMDEN, NJ

Jared N. Kasher
jared@kasherlawgroup.com

JNK/ps
Enclosure

167644577

## *AUTHORIZATION TO DISCLOSE HEALTH INFORMATION*

PATIENT NAME: Bruce J. McIntosh _____  DOB: ███/1957

ADDRESS:  104 Suburban Terrace, Stratford, NJ 08084 _____

TELEPHONE: _____

I hereby authorize  Our Lady of Lourdes Medical Center _____  to release my health information to:

KASHER LAW GROUP, LLC
5 Greentree Centre, Suite 410
525 Route 73 North, Marlton, NJ 08053
856-843-4600
Fax: 856-797-9978

The information to be disclosed to and used by the above is for the following purpose:  LITIGATION _____

This authorization is limited to the following dates of treatment:

FROM:  11/30/2015 _____  TO:  COMPLETION OF TREATMENT _____

Please indicate the information or types of information to be disclosed:  complete and certified medical records, incl. but not limited to

all electronic records, provider notes, d/c summary, er records, procedure reports, radiology records, pathology records, operative reports, etc.
_____

**I understand that the information to be disclosed includes my identity, diagnosis and treatment including, ALCOHOL, DRUGS, GENETIC TESTING, BEHAVIORAL OR MENTAL HEALTH SERVICES, REPRODUCTIVE RIGHTS, SEXUALLY TRANSMITTED & INFECTIOUS DISEASES, AIDS and HIV information, as applicable.**

I understand that any disclosure of information may be subject to re-disclosure by the recipient and may no longer be protected by federal or state law.  I understand that I need not sign this authorization to assure treatment.  I understand that I may inspect and/or copy the information to be disclosed.  I understand that authorizing this disclosure is voluntary.  I understand that if I have any questions about disclosure of my health information, I may contact the privacy officer at the facility listed above that is authorized to disclose this information and request a copy of this authorization.

I understand that I have the right to revoke this authorization at any time.  I understand if I revoke this authorization, I must do so in writing and present my written revocation to the Health Information Management Department.  I understand that this revocation will not apply to the extent that you have already taken action in reliance on this authorization.  This authorization will automatically expire 120 days from the date of my signature, unless I otherwise specify that this authorization will terminate on the following, or concurrently with the following event or condition: _____

PATIENT SIGNATURE: _Bruce J. McIntosh_____  Date: 8/31/2017 _____
                        Bruce J. McIntosh
If legal representative, sign below and state relationship and authority to do so and attach the document of authority.

LEGAL REPRESENTATIVE: _____  Date: _____

RELATIONSHIP: _____

WITNESS: _____  Date: _____



**CORPORATE OFFICE**
1600 Haddon Avenue
Camden, NJ 08103
(856) 757-3500
Fax (856) 757-3611

**OUR LADY OF LOURDES**
**MEDICAL CENTER**
1600 Haddon Avenue
Camden, NJ 08103
(856) 757-3500
Fax (856) 757-3611

**LOURDES MEDICAL**
**CENTER OF**
**BURLINGTON COUNTY**
218 A Sunset Road
Willingboro, NJ 08046
(609) 835-2900
Fax (609) 835-3061

**OUR LADY OF LOURDES**
**HEALTH FOUNDATION**
1600 Haddon Avenue
Camden, NJ 08103
(856) 382-1802
Fax (856) 757-3611

*www.lourdesnet.org*

## CERTIFICATION

I, Maria Xenakis, being of full age, hereby certify that I am
employed by Lourdes Health System as the Corporate Director of
Health Information Management.  As such, I have sufficient
knowledge to make this certification.

I hereby certify that the reproduced records accompanying this
Certification concerning:

Bruce J. McIntosh

(Name of Patient)

were made in the regular course of business of Lourdes Health
System and are a true and accurate reproduction of those records
maintained by Lourdes Health System in the regular course of
business.  These records include the following visit dates.

| Admission Date | Discharge Date | Number of pages |
|---|---|---|
| 11/30/15 | 12/04/15 | 261 |
| | | |
| | | |

I certify that the foregoing statements made by me are true.  I am
aware that if any of the foregoing statements made by me are
willfully false, I am subject to punishment.

*Maria Xenakis*                Dated:  10·2·17

Maria Xenakis
Lourdes Health System
Interim Director
Health Information Management




To Whom it may Concern,

Per you request, enclosed you will find a password for your encrypted Cd containing a copy of the medical record information you requested from Our Lady of Lourdes Medical Center.

Your **password** is  McIntoshBi0022017

Any questions or issues please call 856-968-2549 and a Ciox Health Representative on site will assist you

Thank you,

Ciox Health

RE: Bruce McIntosh

# Exhibit E

11/27/2017                                                            Ciox Health



CIOX
HEALTH

Help | Contact Us

Find Invoices            Review Invoices            Pay Your Invoices

Need help with this page?

Your request has been posted and is being processed.
You will receive a confirmation email from us within the next 24 hours.

**Your Ciox Health transaction ID for this payment is CC4929430.**
Please reference this number if contacting Customer Service.

**The credit card confirmation number for this transaction is 5118181730416514004058.**

Thank you for using PayCioxHealth.

| Invoice # | Patient Name | Invoice Balance | Payment Amount |
|-----------|-------------|-----------------|----------------|
| 0228198242 | MCINTOSH BRUCE J | $161.90 | $161.90 |
| **Total** | | | **$0.00** |

Print

**Return to PayCioxHealth home page**

11/27/2017

Ciox Health

© 2017 Ciox Health | All Rights Reserved | 6.0.2 | Privacy Policy

# Civil Case Information Statement

## Case Details: CAMDEN | Civil Part Docket# L-004719-17

**Case Caption:** KASHER LAW GROUP, LL C  VS CIOX HEALTH, LLC

**Case Initiation Date:** 12/11/2017

**Attorney Name:** STEPHEN P DE NITTIS

**Firm Name:** DE NITTIS OSEFCHEN AND PRINCE PC

**Address:** 5 GREENTREE CENTRE 525 ROUTE 73 NORTH STE 410

MARLTON NJ 08053

**Phone:**

**Name of Party:** PLAINTIFF : Kasher Law Group, LLC

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** TORT-OTHER

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Hurricane Sandy related?** NO

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

12/11/2017
Dated

/s/ STEPHEN P DE NITTIS
Signed